Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/28/2018 09:09 AM CDT

State of Nebraska, appellee, v.
Deyvion L. Comer, appellant.
___ N.W.2d ___

Filed August 28, 2018.    No. A-18-133.

1. **Criminal Law: Courts: Juvenile Courts: Jurisdiction: Appeal and Error.** A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3. **Courts: Juvenile Courts: Jurisdiction.** In determining whether a case should be transferred to juvenile court, a court should consider those factors set forth in Neb. Rev. Stat. § 43-276 (Reissue 2016). In order to retain the proceedings, the court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor. It is a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile.
4. **Courts: Juvenile Courts: Jurisdiction: Proof.** In a motion to transfer to juvenile court, the burden of proving a sound basis for retaining jurisdiction in county court or district court lies with the State.
5. **Courts: Juvenile Courts: Jurisdiction: Evidence.** When a district court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case to juvenile court.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Korey T. Taylor for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Pirtle, Bishop, and Arterburn, Judges.

Pirtle, Judge.

## INTRODUCTION

Deyvion L. Comer was 15 years old when he was charged in the district court for Douglas County with two counts of robbery. His motion to transfer the case to juvenile court was overruled. Comer appeals, assigning error to the denial of the motion to transfer this case to the juvenile court. We affirm.

## BACKGROUND

On December 1, 2017, Comer was charged with two counts of robbery, both Class II felonies. The charges stemmed from events alleged to have occurred on September 27 and October 24, 2017, in Douglas County, Nebraska. Comer was 15 years old at the time, and the charges were filed in the Douglas County District Court.

Comer filed a motion to transfer the case to juvenile court on January 25, 2018, and a hearing was held on the motion on January 26. The district court denied the motion to transfer in an order filed on February 5.

The State offered six exhibits, including a copy of Comer's local criminal history, police reports of prior contacts with law enforcement, and juvenile court dockets for cases Nos. JV 17-3, JV 17-729, and JV 17-1903.

Case No. JV 17-3 involves allegations of robbery, theft by unlawful taking, and obstructing a peace officer, crimes which were alleged to have occurred on January 2, 2017. Comer admitted to the charges of theft by unlawful taking and obstructing a peace officer. Comer was placed under the supervision of a probation officer and was ordered to attend "Youth Links." Shortly thereafter, he was ordered to be placed in a

group home at Boys Town. He absconded from "Youth Links" before he could be transported to Boys Town.

On April 20, 2017, Comer was charged in case No. JV 17-729 with criminal impersonation and obstructing a peace officer. Comer admitted to the charge of obstructing a peace officer, and the other charge was dismissed. Comer was adjudicated under Neb. Rev. Stat. § 43-247(1) (Reissue 2016).

In case No. JV 17-1903, Comer was charged with robbery, use of a deadly weapon to commit a felony, and obstructing a peace officer, crimes which were alleged to have occurred "[o]n or about the 25th day of October, 2017." Comer was adjudicated as a child within the meaning of § 43-247(2) and was ordered to be placed at Boys Town.

The circumstances of the first count in this case involve the robbery of a pizza delivery driver. The driver allegedly arrived at the stated address for the order where he was met by two males. The driver handed them the food, and they indicated that their friend was approaching with the money. The driver was struck in the side of the neck, while the three males fled with the food.

The second count of robbery in this case was dismissed because it had been the subject of the adjudication in case No. JV 17-1903. The police reports regarding that incident reflect that an order for pizza was made on October 24, 2017, and the driver was unable to find the apartment number with the information he had been provided. When the driver returned to his vehicle, he was confronted by two males. One suspect "pinn[ed]" the driver against his vehicle, displayed a handgun, and instructed the driver to "'give me everything that you got.'" The driver refused, and the suspect stated, "'I will shoot you'" and "'nothing bad if you give me all your stuff.'" The second suspect removed the pizza from the delivery bag in the driver's vehicle. The driver was able to push away the suspects, and he drove away. The driver picked Comer from a photographic lineup and identified him as the suspect who

had displayed the handgun. Comer's cell phone was used to place the orders to the pizza restaurants.

At the transfer hearing, Comer offered the testimony of his juvenile probation officer, Ashley Johnson. Johnson had supervised Comer since May 2017. Comer was placed in Boys Town from May 1 to August 21, 2017, and Johnson testified that Comer had done well during that time.

Johnson stated that Comer had a "fairly traumatic, chaotic history growing up." Comer was offered services under "other juvenile dockets," including "shelter and crisis stabilization, a chemical dependency evaluation, psychological evaluation, [intensive family preservation services,] and . . . individual therapy." Johnson testified that Comer was a member of a gang and that he associates with other known gang members. Gang intervention services were ordered at one time, but there is no record that Comer participated. Johnson could not say whether Comer's lack of participation was his choice or due to his previous probation officer.

Johnson testified that Comer ran away from his group home placement at Boys Town. While he was "on the run," he was charged with two separate robberies: the one at issue in this case and the crimes charged in case No. JV 17-1903. She stated that Comer "can do very well in structure" and that he did not have any behavior issues or violations while he was at Boys Town. She opined that he would benefit from a structured rehabilitative environment and the services which could be provided at Boys Town.

Comer also offered the testimony of his family teacher, or "house parent," at Boys Town. Comer lived with the family teacher, his wife and son, an assistant family teacher, and other youths assigned to the home. Comer was in the home for approximately 3 months. The family teacher testified that Comer was "doing great" before he ran away from their home. He testified that he was "shocked" when Comer ran away and committed crimes. Comer had been attending and doing well in school, started participating in activities, and was on the

football team. The family teacher testified that he was willing to work with Comer if he was to return to the home.

The district court took the motion to transfer under advisement and denied it in a written order entered February 5, 2018. In its order, the district court stated that it had reviewed the statutory factors found in Neb. Rev. Stat. §§ 29-1816 (Supp. 2017) and 43-276 (Reissue 2016). Ultimately, after weighing the statutory factors, the district court denied the motion to transfer this matter to the separate juvenile court of Douglas County.

## ASSIGNMENT OF ERROR

Comer assigns the district court erred by denying his motion to transfer to juvenile court.

## STANDARD OF REVIEW

[1,2] A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Jurisdiction.*

When a juvenile seeks to transfer a criminal case from county or district court to juvenile court, § 29-1816(3)(c) provides that "[a]n order granting or denying transfer of the case from county or district court to juvenile court shall be considered a final order for the purposes of appeal" and that "[u]pon entry of an order, any party may appeal to the Court of Appeals within ten days." This statutory amendment providing for interlocutory appeals became effective August 24, 2017. Comer has properly perfected his appeal from the district court's denial of his motion to transfer his criminal proceeding to the juvenile court.

*Motion to Transfer to Juvenile Court.*

Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016) grants concurrent jurisdiction to the juvenile court and the county or district court over juvenile offenders who (1) are 11 years of age or older and commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, IC, ID, II, or IIA felony. Actions against these juveniles may be initiated either in juvenile court or in the county or district court. In the present case, the allegations against Comer put him within this category of juvenile offenders.

When an alleged offense is one over which both the juvenile court and the county or district court can exercise jurisdiction, a party can move to transfer the matter. For matters initiated in county or district court, a party can move to transfer it to juvenile court pursuant to § 29-1816(3).

In the instant case, when Comer moved to transfer his case to juvenile court, the district court conducted a hearing pursuant to § 29-1816(3)(a), which requires consideration of the following factors set forth in § 43-276:

(a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim agrees to participate in mediation;

(k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

The customary rules of evidence shall not be followed at such hearing, and "[a]fter considering all the evidence and reasons presented by both parties, the case shall be transferred to juvenile court unless a sound basis exists for retaining the case in county court or district court[.]" See § 29-1816(3)(a).

[3,4] As the Nebraska Supreme Court has explained, in determining whether a case should be transferred to juvenile court, a court should consider those factors set forth in § 43-276. "In order to retain the proceedings, the court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor." *State v. Stevens*, 290 Neb. 460, 465, 860 N.W.2d 717, 725 (2015). It is "a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *Id.* "The burden of proving a sound basis for retention lies with the State." *Id.*

Comer argues that the State failed to meet its burden and that the district court abused its discretion in failing to grant the transfer. We disagree.

Summarized, the evidence at the transfer hearing showed Comer was a gang member who was alleged to have committed crimes according to multiple juvenile court dockets. The evidence shows that Comer participated in services and activities and made some progress at Boys Town, but he absconded more than once and engaged in further criminal behavior.

In its order denying Comer's motion to transfer, the district court considered the applicable factors listed in § 43-276 and made specific findings. After weighing the various factors, the district court denied the transfer.

The record shows the court considered the nature of the crime and the amount of violence involved, Comer's age and motivation for the crime, and the type of treatment Comer may be amenable to. The court considered Comer's criminal history, as well as Comer's progress and participation during his placement at Boys Town. The court considered the decision to abscond from Boys Town, Comer's "numerous missing juvenile reports," and "the best interests of [Comer] and the security of the public." The court noted that Comer would turn 19 years old in 2021, leaving him with "sufficient time for meaningful involvement," if there was evidence that he would participate. However, the court found that Comer's actions during his previous juvenile cases "indicate a desire to be treated as an adult."

Comer argues that there is evidence he would be amenable to services and that there are a number of services still available to him through juvenile probation. He argues that he had not had any "higher-level" services while on probation, including "multi-systemic therapy, out-of-state group homes[,] and 'last resort' programming in Kearney." Brief for appellant at 16. Comer also argues the district court concluded that "the juvenile court does not have the ability to provide any benefit to . . . Comer." *Id.* at 23. This assertion is inaccurate and does not reflect the actual conclusion of the district court. The court listed a number of services which had been and continued to be available to Comer, but noted that "[i]t is not possible to provide services if the person to be served absconds from the place of service." Ultimately, the court found that "the best interests of [Comer] and security of the public may require that treatment, supervision/detention continue beyond [his] majority."

We note that Neb. Rev. Stat. § 29-2204(5) (Reissue 2016) provides:

> Except when the defendant is found guilty of a Class IA felony, whenever the defendant was under eighteen years of age at the time he or she committed the crime for which he or she was convicted, the court may, in its discretion, instead of imposing the penalty provided for the crime, make such disposition of the defendant as the court deems proper under the Nebraska Juvenile Code.

Further, individuals in county or district court can be placed on probation with conditions related to the rehabilitation of the offender. Neb. Rev. Stat. § 29-2262(2) (Reissue 2016); *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018). And adult probation can work with an offender for up to 5 years. Neb. Rev. Stat. § 29-2263(1) (Reissue 2016); *In re Interest of Steven S., supra.*

Comer was under 18 years of age when he allegedly committed the charged crimes. Thus, should the court determine that Comer's behavioral and therapeutic needs would be better handled at the juvenile level, the district court has the discretion to weigh the merits of disposition under either the Nebraska Juvenile Code or the Nebraska Criminal Code. See *State v. Hunt*, 299 Neb. 573, 909 N.W.2d 363 (2018). See, also, *In re Interest of Steven S., supra*.

In addition to Comer's argument that the court failed to consider all treatment services to which he would be amenable, he asserts that the court failed to consider his ability to appreciate the nature and seriousness of his conduct. The record shows the court did not make an explicit finding which directly relates to § 43-276(1)(h). Comer "does not deny that the charges allege violence," and there is some evidence that Comer was able to appreciate the seriousness of his alleged crimes, given that he had already been charged in cases Nos. JV 17-3 and JV 17-1903 for similar crimes involving theft and robbery. Brief for appellant at 19. The court specifically referenced many of the statutory factors in § 43-276(1), and

the Nebraska Supreme Court has stated that though it would have been preferable for the district court to refer to all the statutory considerations, the statute does not require it to do so. *State v. Tyler P.*, 299 Neb. 959, 911 N.W.2d 260 (2018). The denial of the motion to transfer without a specific finding with regard to § 43-276(1)(h) does not constitute an abuse of discretion.

[5] Comer compares the circumstances of this case to several cases in which the Supreme Court affirmed the district court's denial of a motion to transfer to juvenile court. Even if the circumstances of these cases are considered to involve more egregious behavior than that displayed in this case, we cannot say that the evidence herein is insufficient to justify retention in district court, particularly given our standard of review. When a district court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case to juvenile court. *State v. Hunt, supra*. The record in this case supports the reasoning of the district court, and we find no abuse of discretion in denying Comer's motion to transfer the case to juvenile court.

## CONCLUSION

The judgment of the district court is affirmed.

Affirmed.